# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-02016-REB-MJW

COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,

 Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE ARMY CHEMICAL MATERIALS AGENCY,
UNITED STATES DEPARTMENT OF THE ARMY PUEBLO CHEMICAL DEPOT,
LIEUTENANT COLONEL ROBERT C. WITTIG, as Commander of the United States
Department of the Army Pueblo Chemical Depot, and
KATHRYN CAIN, as Chief of the Environmental Management Division of the United
States Department of the Army Pueblo Chemical Depot,

 Defendants.

## STIPULATED ORDER

**Blackburn, J.**

  The matter before me is the **Stipulation and Order** [#49] filed May 3, 2010. After reviewing the stipulation and the file, I conclude (1) that the stipulation should be approved; (2) that the proposed order should be entered; and (3) that, accordingly, the stipulated terms and conditions should be ordered and implemented.

  **THEREFORE, IT IS ORDERED** as follows:

  1. That the **Stipulation and Order** [#49] filed May 3, 2010, is **APPROVED**, and each party **SHALL PERFORM** all relevant provisions of their stipulation;

  2. That the Army agrees to comply with the terms and conditions of the amended modified WAP, dated April 30, 2010, attached as Exhibit 1 to the **Stipulation and Order** [#49-1] filed May 3, 2010;

  3. That while the amended modified WAP supersedes the Department-issued

WAP dated May 28, 2009, it does not constitute new final agency action but may be enforced as an order of this court;

    4. That although the Army does not concede that the chemical munitions stored in the 94 igloos are solid or hazardous waste, the Army will not dispute this issue for the purpose of avoiding the preparation or implementation of the plans required under the current Compliance Order ;

    5. That the information and other documents previously submitted by the Army to the Department in response to Compliance Schedule Item Nos. 2, 6, 8, and 10 of the Compliance Schedule attached to the modified WAP constitute compliance with Compliance Schedule Item Nos. 2, 7, 8, and 10 of the amended, modified WAP;

    6. That the terms and conditions of this stipulated order are binding on the Department and the Army, and their successors and assigns;

    7. That the Department agrees not to seek civil penalties pursuant to Colo. Rev. Stat. §25-15-309, for any alleged violations of paragraph 52 of the Compliance Order or the WAP occurring prior to the entry of this stipulated order;

    8. That within five days of the entry of this stipulated order, the Department will withdraw its **Motion For Preliminary Injunction** [#12] filed September 1, 2009;

    9. That nothing in this stipulated order shall be construed to constitute an admission of any fact, law, or liability by any of the parties; provided, furthermore, that specifically, the Army does not admit to the factual determinations or assertions in the amended modified WAP (including the attached Compliance Schedule, Exhibit 2 to the **Stipulation and Order** [#49-2] filed May 3, 2010) or that the terms and conditions of the

amended modified WAP are appropriate requirements for a waste analysis plan;

10. That within 30 days following the Army's submission of the information, plans, and other documents required by the amended, modified WAP, the Army and the Department shall file a joint motion for dismissal with prejudice of its claims arising from alleged violations of paragraph 52 of the Compliance Order or the WAP and dismissal without prejudice of all remaining claims asserted in Case No. 09-cv-02016-REB-MJW;

11. That the Army shall perform the requirements of this stipulated order and the amended modified WAP (including the attached Compliance Schedule) unless the performance is prevented or delayed by events that constitute a *force majeure*, which is defined as any event arising from causes that are not reasonably foreseeable, that are beyond the control of the Army, and that cannot be overcome by due diligence;

   a. that within seven (7) calendar days from the time that the Army knows or has reason to know of the occurrence of such event, the Army shall submit to the Department a written description of the event causing the delay, the reasons for and the expected duration of the delay, and actions which will be taken to mitigate the duration of the delay;

   b. that the burden of proving that any delay was caused by a *force majeure* shall at all times rest with the Army, and if the Department agrees that a *force majeure* has occurred, the Department will so notify the Army; provided, furthermore, that if the Department does not agree that a *force majeure* has occurred, it shall provide written explanation of its determination to the Army, and if PCD disputes the Department's determination, it may, within 15 days of receipt of the

Department's explanation, file a motion or complaint with the court seeking resolution of the dispute;

c. that delay in the achievement of one requirement shall not necessarily justify or excuse delay in the achievement of subsequent requirements, so in the event any performance under this stipulated order or the amended modified WAP is found to have been delayed by a *force majeure*, the Army shall perform the requirements of the stipulated order or amended modified WAP that were delayed by the *force majeure* with all due diligence;

d. that the requirements that 2 functioning RTAPs be maintained at PCD at all times is Section III.C.2.f. of the amended modified WAP shall not be subject to *force majeure* unless an extreme weather event, natural disaster, Act of War, or terrorist attack disables the RTAPs at PCD;

12. That the Army states that its agreement to perform the terms and conditions of this stipulated order and the amended modified WAP (including the attached Compliance Schedule) is subject to the availability of appropriated funds and that no provision of this stipulated order or the amended modified WAP shall be interpreted to require the obligation or payment of funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law the Department disagrees that an Anti-Deficiency Act defense, or any defense based on lack of funding, exists; however, the parties agree and stipulate that it is premature at this time to resolve the existence of such a defense;

13. That each party to this stipulated order shall pay its respective attorney fees

4

and costs;

14. That this stipulated order may be modified on motion by either party on a showing of good cause;

15. That in this stipulated order and the amended modified WAP and its attached Compliance Schedule, "days" shall mean calendar days, and in computing any period of time, if the last day falls on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business on the next working day; and

16. That this stipulated order becomes effective when entered by the court.

Dated May 10, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge